# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGIA GURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-928-SMY-RJD |
| | ) |
| NORTH STAR FOODS, L.L.C, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On July 20, 2016, Plaintiff Georgia Gurley filed an Amended Complaint in the Third Judicial Circuit Court, Madison County, Illinois (subsequently removed to this Court) alleging negligence related to her slipping and falling on landscaping rocks strewn on the sidewalk at a Hardee's Restaurant which was operated by Defendant North Star Foods, L.L.C. ("North Star") (Doc. 1-2). This matter is now before the Court on North Star's Motion for Summary Judgment (Doc. 21). Plaintiff filed a response in opposition (Doc. 33). For the following reasons, the motion is **DENIED**.

### Factual Background

On April 8, 2016, Plaintiff and her husband parked at the Hardee's Restaurant, exited their vehicle and began to walk inside. (Deposition of Georgia Gurley, Doc. 33-4 at 24). Plaintiff slipped and fell and suffered injuries after stepping on landscaping rocks on the sidewalk. (*Id.* at 31, 37). Plaintiff asserts that she could not see the stones prior to her fall because they were nearly identical in color to the sidewalk itself. (*Id.* at 33)

Prior to the date of the incident, Plaintiff had visited the restaurant an estimated 10 to 12 times. (*Id.* at 13, 14). She usually ate inside the restaurant, using the sidewalk in front of the restaurant to enter. (*Id.* at 13-14, 17). During her deposition, Plaintiff initially testified that she could not recall one way or the other whether she had seen rocks on the sidewalk at any point on her previous visits, and that the day of the accident was the only time she could specifically recall seeing them. (*Id.* at 18-19). She later testified that it would be common to see rocks which were not in the landscaping beds at the restaurant, and that she had previously seen rocks on the sidewalk. (*Id.* at 21, 32).

## Discussion

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is warranted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." The facts and all reasonable inferences are to be drawn in a light most favorable to the nonmoving party. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012). However, the Court shall not "weigh evidence, make credibility determinations, resolve factual disputes and swearing contests, or decide which inferences to draw from the facts." *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Summary judgment will be denied if a reasonable jury could find in favor of the nonmoving party. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017).

Under Illinois law, businesses have a duty to maintain their premises in a reasonably safe condition to avoid injuries to their customers. *Zuppardi v. Wal–Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). When an business invitee is injured by slipping on a foreign substance (in this case rocks on the sidewalk), a business can be liable for breach of that duty if the invitee establishes that: (1) the substance was placed there by the negligence of the business; (2) the

business had actual notice of the substance; or (3) the business had constructive notice of the substance. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016) (citing *Zuppardi* 770 F.3d at 649).

Here, Plaintiff concedes that there is no evidence that either North Star or its agents placed the rocks on the sidewalk or had actual knowledge that they were there. The central question, then, is whether North Star had constructive notice of the rocks on the sidewalk. "Constructive notice can be established in Illinois by presenting evidence that the dangerous condition was present for a sufficient length of time such that in the exercise of ordinary care its presence should have been discovered, or by showing that the dangerous condition was part of a pattern of conduct or a recurring incident." *Piotrowski,* 842 F.3d at 1040 (citing *Culli v. Marathon Petroleum Co.,* 862 F.2d 119, 123 (7th Cir. 1988) and *Donoho v. O'Connell's, Inc*., 13 Ill. 2d 113, 121, 148 N.E.2d 434, 439 (1958)).

Plaintiff offers no evidence to satisfy the "sufficient length of time" element. Both she and her husband testified during their depositions that they did not know how long the rocks might have been there. (Docs. 33-4 at 34, 22-2 at 30). While Plaintiff asserts that the store managers were not able to testify as to when the condition of sidewalk was checked on the day of the accident, it is not incumbent on North Star to prove that the rocks were there for only a short period of time. Rather, Plaintiff has the burden of proof to establish that they were there long enough for them to have been discovered had North Star exercised ordinary care. In the absence of such evidence, Plaintiff cannot survive summary judgment on this theory. Thus, Plaintiff's only opportunity is to show that there were recurring incidents of rocks on the sidewalk outside the restaurant sufficient to put North Star on notice of the potential for a dangerous condition.

Plaintiff points to the deposition testimony of North Star's expert witness, Gregory Wisniewski in support of her position. Specifically, when asked whether it would be "typical and ordinary for river rock to be displaced on a sidewalk in this instance from time to time," Wisniewski responded that although river rock is better than most ground covers, "yes, it could still occur." (Doc. 33-6 at 30). However, Wisniewski's testimony that it "could" occur is not evidence that it actually had occurred prior to the incident.[1]

Finally, Plaintiff offers her own testimony regarding prior instances of rocks on the restaurant sidewalk. Plaintiff initially testified that she could not recall whether she had seen rocks on the sidewalk at any point during her previous visits. (Doc. 33-4 at 18-19). She later testified that it was not unusual to see rocks on the sidewalk and that she had previously seen rocks on the sidewalk. (*Id.* at 21, 32). Although Plaintiff's testimony may be conflicting, it is for the jury to assess credibility and to weigh the evidence. As such, Plaintiff's testimony is sufficient to raise a genuine issue of material fact for trial.[2]

In *Piotrowski*, the Seventh Circuit addressed this issue based on similar, but distinguishable facts. In that case, a hardware store customer slipped and fell on loose rocks in the store parking lot, which appeared to have come from landscape beds around the parking lot or from bags of the product sold in the store. As is true here, there was no evidence that the defendant or its agents were responsible for putting the rocks in a place where customers could slip on them, or that it had any actual notice that the rocks were there. The plaintiff also produced no evidence as to how long the rocks she slipped on had been there. Instead, the

---

[1] Plaintiff also relies on the deposition testimony of her proffered expert witness, Jimmy Hinkle, regarding what he observed when he visited the restaurant on occasions subsequent to the incident. (Doc. 33-5). However, Hinkle's testimony is barred pursuant to the Court's Order barring Hinkle as a witness (Doc. 38).

[2] North Star cites to *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 939 (7th Cir. 1997) for the proposition that a plaintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment. However, a party's own testimony or affidavit, if properly made upon personal knowledge, can be affirmative evidence to defeat summary judgment. *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (distinguishing *Weeks*).

plaintiff argued that defendant had constructive notice that the rocks were getting out of their beds because "it was aware that rock was escaping the planter since it would refill the planter with additional rock, yet it took no remedial action to halt the escape of rock from the planter." *Id.* at 1040. The Court affirmed the grant of summary judgment in favor of the store, noting that the plaintiff had not produced "any evidence of recurring escape of river rock from the planter onto the parking lot pavement or of any prior complaint of loose rock in the parking lot." *Id.*

Here, by contrast, there is at least some evidence of recurring escape of rocks from the landscape beds. Therefore, whether North Star had constructive knowledge of a potentially dangerous condition is a disputed issue of material fact precluding summary judgment. Accordingly, Defendant North Star Foods, L.L.C.'s Motion for Summary Judgment (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 20, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
